# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RANGEL GONZALEZ, | CV F   05-1042 OWW DLB HC |
| Petitioner, | ORDER OF TRANSFER |
| v. | |
| DAVID L. RUNNELS, Warden | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, Petitioner challenges the validity of his sentence.  The proper venue for challenging the validity of his sentence is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated.

///

1

1    Although Petitioner has filed in the proper district court to challenge the execution of his
2 sentence, this petition should be heard by the district court containing the sentencing court.
3 Under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the
4 sentencing court where Petitioner was not sentenced in this district. See 28 U.S.C. § 2241(d);
5 Local Rule 81-191(g).

6    Petitioner is challenging a conviction from San Joaquin County, which is in the Eastern
7 District of California, Sacramento Division.  Therefore, the petition should have been filed in the
8 United States District Court for the Eastern District of California, Sacramento Division.  In the
9 interest of justice, a federal court may transfer a case filed in the wrong district to the correct
10 district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

11    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
12 States District Court for the Eastern District of California, Sacramento Division.

14    IT IS SO ORDERED.

15    Dated:   September 26, 2005           /s/ Dennis L. Beck
    ah0l4d                    UNITED STATES MAGISTRATE JUDGE