IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO RANGEL GONZALEZ,

    Petitioner,                      No. CIV S- 05-1954 LKK GGH P

    vs.

DAVID L. RUNNELS, Warden,

    Respondent.                    ORDER

_____/

        Petitioner, proceeding with appointed counsel, has filed a petition pursuant to 28 U.S.C. §2254. Respondent's motion to dismiss the first amended petition as barred the AEDPA one-year statute of limitations came on for hearing on July 20, 2006. Mary Lou Hillberg appeared for petitioner. Respondent was represented by Julie Hokans.

        Respondent sets forth that the applicable statute of limitations (28 U.S.C. § 22449d)(1)(A)) was tolled from September 9, 2003 (the date the judgment of conviction became final, petitioner having filed his first California Supreme Court, if anything, prematurely, on July 16, 2004) until April 14, 2004 (when the petition was denied). Although, according to respondent, there was no tolling between that time, April 14, 2004, until petitioner embarked on a second round of state habeas corpus petitions, on May 6, 2004, when petitioner filed another habeas petition, this time in the superior court, respondent concedes that tolling is applicable not

1

only until May 21, 2004, when the petition was denied, but also for the period from May 21, 2004, to June 7, 2004, when the state court of appeal habeas petition was filed and until July 8, 2004, when that petition was denied. However, respondent contends that petitioner was not entitled to tolling from the time of the state court of appeal denial (July 8, 2004) until the August 16, 2004, filing of his second petition in the state supreme court. Nor, respondent argues, was petitioner entitled to tolling for the period of time from the August 16, 2004 filing until July 13, 2005, when the second state supreme court petition was denied (with citation to In re: Clark, 5 Cal. 4th 750 (1993)). If respondent is correct, then petitioner's federal habeas petition, filed on August 12, 2005,[1] was untimely.

In opposition to respondent's motion, petitioner's counsel sought an evidentiary hearing to demonstrate a basis for equitable tolling, in light of Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006), a recent case in which the Ninth Circuit found that a non-English speaking petitioner's alleged lack of access to Spanish language materials or translation assistance during the limitations period could entitle the petitioner to equitable tolling.

Following oral argument, petitioner's counsel was directed to file an English translation of petitioner's declaration in Spanish (while maintaining the signed original) with respect to the impediments to timely filing that he faced with regard to the lack of access to assistance from bilingual inmates or others during the relevant period.

In addition, the court directed the parties to coordinate their efforts with respect to providing a factual basis demonstrating petitioner's access, or lack thereof, to translation assistance for timely filing. Petitioner was directed within 60 days of the date of the hearing to file a stipulated motion to expand the record by declaration and any other documents, or, if not by stipulation, to file such a motion on behalf of petitioner alone, and to inform the court of any

---

[1] Although not noted by petitioner, application of the mailbox rule would appear to require the court to recognize the original petition as having been filed on August 3, 2005. However, if respondent's argument prevails, an additional nine or ten days taken off the filing date would not be particularly significant.

1 need beyond an expansion of the record for any witness and an evidentiary hearing and the basis
2 therefore.
3       IT IS SO ORDERED.
4 DATED: 7/25/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gonz1954.ord