1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ALEJANDRO RANGEL GONZALEZ,

11 Petitioner,                    No. CIV S- 05-1954 LKK GGH P

12 vs.

13 DAVID L. RUNNELS, Warden,

14 Respondent.          ORDER

15 _____/

16 Petitioner, proceeding with appointed counsel, has filed a petition pursuant to 28

17 U.S.C. §2254.  Petitioner's motion for an evidentiary hearing and to expand the record came on

18 for hearing on December 14, 2006.[1]  Mary Lou Hillberg appeared for petitioner.  Respondent was

19 represented by Maggy Krell.

20 Pursuant to the court's order filed on July 26, 2006, the parties evidently having

21 been unable to submit a stipulation providing a factual basis demonstrating petitioner's access, or

22

23 _____

[1] As noted in the prior order, filed on July 26, 2006, respondent brought a motion to
24 dismiss the first amended petition as barred by the AEDPA one-year statute of limitations.   In
opposition to the motion, petitioner sought an evidentiary hearing to demonstrate a basis for
25 equitable tolling, in light of Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006), a recent case in
which the Ninth Circuit found that a non-English speaking petitioner's alleged lack of access to
Spanish language materials or translation assistance during the limitations period could entitle
26 the petitioner to equitable tolling.

lack thereof, to translation assistance for timely filing and to file a stipulated motion to expand the record by declaration and any other documents, petitioner filed such a motion on behalf of petitioner alone.  Petitioner's counsel, also as directed, filed, along with petitioner's original declaration in Spanish, an English translation of the declaration with respect to the impediments to timely filing that he faced with regard to the lack of access to assistance from bilingual inmates or others during the relevant period.

Respondent failed to respond in writing to petitioner's motion, either in the form of an opposition or a statement of non-opposition, nor did counsel make respondent's own motion, but stated at the hearing an intent to challenge, inter alia, the credibility of petitioner's representations in the declaration currently before the court in an evidentiary hearing.  The court therefore granted petitioner's unopposed motion for an evidentiary hearing and granted petitioner's motion to expand the record to include petitioner's declaration, in its original form and in the English translation, submitted by petitioner.  The court makes the following ORDERS with respect to the impending evidentiary hearing, scheduled for February 26, 2007, at 9:00 a.m.:

A. <u>Witnesses</u>

On or before ten days prior to the hearing the parties shall provide witness lists, including addresses and telephone numbers, to opposing counsel.

Each party may call any witnesses designated by the other.

1. No other witness will be permitted to testify unless:

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

    b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2. If not timely designated within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the

existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

    a.  The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

    b.  The court and the opposing party were promptly notified upon discovery of the witnesses;

    c.  If time permitted, the party proffered the witnesses for deposition; or

    d.  If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

3. On or before twenty days prior to the hearing, the parties shall designate their expert witnesses, if any; on or before thirty days prior to the hearing, movant shall provide respondent and respondent shall provide movant, with the report of each party's expert witness(es) in compliance with Fed. R. Civ. P. 26;

B. <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits twenty days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

Movant will use numbers to mark exhibits; respondents will use letters.

1. No other exhibits will be permitted to be introduced unless:

    a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    b.  The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

2. If not timely exchanged within the fifteen day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the

existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

      a.  The exhibits could not reasonably have been discovered earlier;

      b.  The court and the opposing party were promptly informed of their existence; or

      c.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing.  The "exhibit book" is for bench use during trial.

      C.  Miscellaneous

Counsel shall make the appropriate writ ad testificandum filings if the presence of movant or any other incarcerated witness is desired.  Petitioner shall file these writs at least thirty days prior to the hearing.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's unopposed motion for an evidentiary hearing, filed on October 20, 2006, is granted and a hearing has been set for February 26, 2007, at 9:00 a.m.,  in Courtroom 24 before the undersigned; the parties shall prepare for hearing in accordance with the terms set forth in this order; and

\\\\\
\\\\\
\\\\\
\\\\\

2.  Petitioner's motion to expand the record, filed on October 20, 2006, to include the original (Spanish) and the English translation of petitioner's declaration is granted.

DATED: 12/20/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gonz1954.evi